IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER L. COLE,

      Plaintiff,                        No. CIV S-04-2735 MCE EFB P

   vs.

DR. TURELLA, et al.,

      Defendants.            <u>ORDER</u>

_____/

      On August 29, 2008, the court issued its tentative pretrial order. The parties have filed objections and requests for augmentation.

      Plaintiff, who has already listed five doctors who he intends to call as experts, requests additional time to designate expert witnesses. This request is denied. Plaintiff has not complied with provisions of the tentative pretrial order for the use of witnesses not listed in the parties' pretrial statements. The order imposes strict limitations on adding witnesses not previously designated and plaintiff has not met those limitations. *See* Tentative Pretrial Order at 9:14-11:1.

      Plaintiff also requests that the court appoint an expert witness on his behalf. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for witnesses. *See* 28 U.S.C. § 1915. Plaintiff's

1

request is therefore denied.

Discovery in this action closed over two years ago. Plaintiff's request to reopen discovery on the eve of trial is also denied.

Notwithstanding the fact that defendants have new counsel, defendants' request for an extension of time to lodge a proposed motion for summary judgment is denied. In their May 18, 2007 pretrial statement, defendants requested an opportunity to submit a summary judgment motion beyond the January 25, 2007 deadline because two of the defendants did not appear in this action until February 2007. The tentative pretrial order permitted defendants to file a proposed motion for summary judgment within fourteen days of the date that order was served. Defendants failed to file any proposed brief within this time and have not otherwise informed the court as to why such a motion would be meritorious. Nor have defendants shown good cause for failing to comply with the order regarding the proposed motion.

The parties' other objections and requests for augmentation of the tentative pretrial order are granted as specified below.

Additionally, plaintiff filed a "petition for writ of habeas corpus ad testificandum." The court will, not later than six weeks before trial, issue a writ to provide for plaintiff's attendance. Thus, the motion is denied as unnecessary.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's September 19, 2008 "petition for writ of habeas corpus ad testificandum" is DENIED as unnecessary. (Docket No. 61).

2. The pretrial order is modified as follows:

    A. In Section C, paragraph 1, "2002" is replaced with "2000" and in paragraph 3, "September 2004" is replaced with "February 14, 2005."

    B. In Section D, paragraphs 3 and 4, "Donald" is replaced with "Morgan."

    C. In Section J, paragraph 3, "within ten days of the day this order becomes final" is modified to read "not later than ninety days before trial."

D. Section O is modified to read:

A Settlement Conference is **SET** before the Honorable Gregory G. Hollows on December 19, 2008, at 10:00 a.m. in Courtroom No. 24.

The parties are directed to submit settlement conference statements to the settlement judge **not later than seven (7) days prior to the conference**. At counsel's option, such statements may be submitted in confidence pursuant to Local Rule 16-270(d).

Each party is directed to have a principal capable of disposition at the Settlement Conference or to be fully authorized to settle the matter on any terms and at the Settlement Conference.

So ordered.

Dated:  November 17, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE